Moncure, J.
This is an action of debt brought in the name of the justices of Botetourt, at the relation of Bush, against Beale, on the latter’s official bond as executor of Long; and the object of it is to recover the amount of a decree obtained by Bush against Beale as executor of Long, on which a fieri facias was issued and returned, “no assets in the executor’s hands.” There was a demurrer to the declaration, which the court below sustained; and judgment was thereupon rendered for the defendant. But this court reversed the judgment, and remanded the cause for *279 further proceedings. Bush v. Beale, 1 Gratt. 229. Issues were joined on general replications to four pleas: 1st, conditions performed; 2d, no such record; 3d, that the execution in the declaration mentioned was sued out irregularly and unlawfully, after the expiration of more than a year and a day from the time of the rendition of said decree, and without any previous proceeding, by way of scire facias or otherwise, to authorize the same; and 4th, that the cause of action did not accrue within ten years next before the commencement of the suit. The defendant demurred to the evidence; which consisted of the executorial bond, the record of the suit in which the decree was rendered, and the fieri facias and return thereon. A verdict was found for the plaintiff for the debt in the declaration mentioned, to be discharged by the payment of the amount of the decree, subject to the judgment of the court on the demurrer to the evidence; and judgment was rendered on said demurrer for the plaintiff. Whether that judgment be erroneous or not, is the question now to be considered and decided.
The evidence fully sustains the judgment of the court in favor of the plaintiffs on the issues joined on three of the pleas; to wit, the 1st, 2d and 4th. The exhibition of the bond, record, execution and return mentioned in the declaration, made out a prima facie case for the plaintiffs on these issues. There is no variance between the allegations and the proofs. The execution it is true commands the sheriff to levy the debt of the goods and chattels of Beale executor of Long, instead of the goods and chattels of Long in the hands of the executor Beale to be administered. But this is an error of form and not of substance. The law prescribes no form of execution against an executor. The execution ought of course to show that it is to be levied de bonis testatoris. The words “ executor of Christian Charles Long,” added to the *280 name of Beale in the execution, are of no utility except to show that the execution was against Beale executor. The insertion of the word “ as” before ^le word “ executor” would have left no room for doubt that the execution would have been to be levied de. bonis testatoris. The omission of that word may render the character of the execution equivocal.. The words, “ executor of Long,” may have been added as mere descriptio persones ; or may have been added to show that the execution was to be levied of the goods of the testator: They are consistent with the latter view. The law invests the executor with the title to the testator’s goods, and makes them the goods of the executor. An execution' against the goods of the executor may be an execution against the goods of the testator. If the execution in this case be equivocal on its face, the doubt is removed, by the surrounding circumstances : It issued upon a decree de bonis testatoris. It was treated by'the sheriff as an execution de bonis testatoris; his return being “ no assets in the executor’s hands.” It was regarded as such by the parties; no motion having ever been made by either of them to quash it; but the relator having based this suit upon it as an execution de bonis testatoris ; and the defendant having impliedly admitted, by his pleadings in the suit, that such is its character. It must therefore be regarded as an execution against the executor as such, and not in his own right. The cause of action on the' executorial bond accrued on the return of the execution, “no assets in the executor’s hands;” and ten years not having elapsed after such return and before the institution of the suit, it was of course not barred by the act of limitations. I am now considering the case in reference to the issues joined on the 1st, 2d and 4th pleas. The objection cannot be raised under them, that the execution was sued out after the expiration of more than a year and a day from the date of *281 the decree, and without any previous proceeding by way of scire facias or otherwise to authorize the same. It will be presumed, in the absence of proper averment and proof to the contrary, that the execution was regularly issued.
But the third plea puts the fact directly in issue, that the execution was sued out irregularly and unlawfully, after the expiration of more than a year and a day from the time of the rendition of the decree, and without any previous proceeding by way of scire facias, or otherwise, to authorize the same. And if this issue were material, it would probably be necessary to reverse the judgment;. there being nQ evidence tending to show that there was any previous proceeding which authorized the issuing of the execution; and the burden of proving that fact devolving, as it would seem, on the plaintiffs, as having the affirmative of the issue. But I do not think the issue is material. If the supposed irregularity exists it does not render the execution void; but, at most, only voidable. Until it is avoided it must be regarded as a valid execution. It cannot be avoided by plea or proof in this collateral suit. It might be quashed or set aside by the court from which it issued, on the motion of the defendant founded on notice to the plaintiffs. A judgment on which no execution is issued within a year and a day from its date, is, generally, so far presumed to be satisfied as to render a scire facias to revive it necessary. It will be revived on the return of the scire-facias, as a matter of course, unless good cause be shown to the contrary. The object of the scire facias is merely to give the defendant a day in court to show such cause. The defendant may waive this benefit; and if he has no such cause to show, it will be his interest to waive it, for he will thereby save the costs of the scire facias. If an execution be issued without a scire facias, and the defendant move to quash it, the plaintiff may show *282 that another execution was issued within a year and a day from the date of the judgment; or that he was from issuing one by writ of error, injunction, cesset executio, or agreement of the parties, until within a year and a day next before the date of that J J . which is moved to be quashed; and the motion will ^]iereUp0n ]3e overruled. If an execution, irregularly issued without scire facias, be levied on the goods of the defendant, he would have some motive to have it quashed. But if it be returned nulla bona, he would have no such motive, unless he had good cause to show against the revival of the judgment; and would naturally,be willing to waive his right to a scire facias. It is at least very doubtful whether he would be allowed to have the execution quashed, after long acquiescence, when the plaintiff may have lost his evidence to show that it was properly issued, and when his judgment may be barred by the act of limitations. But certainly, so long as it remains unquashed, neither the defendant, nor any other person, can avoid it in any collateral suit, by pleading or proving that it was irregularly issued. The execution is important evidence in this case, as showing by its return that the defendant was guilty of a devastavit; and it seems to show that fact, whether it were irregularly issued or not. The sheriff was bound to execute it in either case; and having returned it no effects, the devastavit was thereby established, and a right of action accrued on the executorial bond. See 2 Tidd’s Prac. 1030, 1031, 1072, 1153, 4 and 5; Watson on Sheriffs 139, 7 Law Libr.; Shirley v. Wright, 1 Salk. R. 273; Campbell v. Cumming, 2 Burr. R. 1187; 1 Rob. Pr. 56 and 507. This case is at least as strong as that of bail, who, it has been held, cannot, in a scire facias on his recognizance, object that the ca. sa. against his principal was irregularly issued. Petersdorff on Bail 355-359, 10 Law Libr. 197-199, and cases cited in *283 notes f and y. The doubt expressed by Petersdorff as to the correctness of this opinion, is not sustained by the case of Thomas v. Young, 15 East’s R. 617, which he cites for the purpose. The bail was there discharged on the ground that without his knowledge a cognovit had been given by his principal to pay the debt by installments.
If the issue on the third plea was, as I think, immaterial, a verdict thereon for the defendant would not have entitled him to a judgment if the verdict had been for the plaintiffs on the other issues; but judgment would have been rendered for the plaintiffs non obstante veredicto. It follows that the judgment in this case was properly rendered for the plaintiffs.
I think there is no error in the judgment, and am for affirming it.
The other judges concurred in the opinion of Moncure, J.
Judgment affirmed.